UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANDRA A. WASHINGTON, | |
| Plaintiff, | 24-CV-5042 (LTS) |
| -against- | ORDER TO AMEND |
| NYC DHS; WIN SHELTER, | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. By order dated November 21, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff alleges that her claims arose between February 2020 and May 2024, at the WIN homeless shelter. She alleges that there were "very dirty and unsanitary condition[s]" at the shelter, and that "the drinking water at the time was mixed with other toxic substance[s]." (ECF 1, at 10.)

Moreover, Plaintiff refers to "Physical and Mental Abuse of an individual residing in a shelter," allegedly in violation of "State Abuse Laws." (*Id.*, at 10.) She attaches a document on which she wrote, "09/25/23 called police physically threatened." (*Id.*, at 12.) Plaintiff also states the following:

> I observed the Rights of other homeless individuals beings violated in the time I occupied the Shelter and was forced to call the Authorities. However, nothing has been done and these violation are still ongoing.

(*Id.*, at 10.)

Plaintiff also contends that the New York City Department of Homeless Services (DHS) violated local "DHS guidelines" and federal "Disability Acts" by failing to secure permanent housing for her, as a "Home Bound Individual," "in a timely manner." (*Id.*, at 8.) Plaintiff was awarded a housing voucher, but it did not provide "reasonable and adequate funding for the monthly rent of an apartment . . . in New York City," and she was therefore "unable to get an apartment." (*Id.*, at 9.) She told staff at WIN about this but "no one did anything to facilitate the additional funds or monies needed. . . ." (*Id.*) WIN and DHS failed to provide "adequate services needed for a person with a disability to obtain housing." (*Id.*, at 10.) DHS violated the Fair

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Housing Act "in that [Plaintiff] was not treated Fairly for a HOMELESS person in this city"; she was denied the "basic right" to housing. (*Id.*)

Plaintiff brings this suit against DHS and WIN, invoking the following: "Human Right Act of the Constitution, Title VIII 1968 Disabled DHS -118A Health Dept 1926 55." (*Id.*, at 2.) Plaintiff seeks "permanent housing" and $9.2 million in monetary compensation. She also asks the Court "to hold DHS accountable for violating the Constitution" and hold WIN staff accountable. (*Id.*, at 6.)

### DISCUSSION

**A.    New York City Department of Homeless Services**

Federal courts look to the law of the State to determine whether an entity has the capacity to be sued. *See* Fed. R. Civ. P. 17(b). Under the New York City Charter, the New York City DHS, as an agency of the City of New York, cannot be sued in the name of the agency. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). Plaintiff's claims against DHS must therefore be dismissed because DHS lacks the capacity to be sued.

Because Plaintiff proceeds *pro se*, the Court grants Plaintiff leave to file an amended complaint. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011) (holding that district courts should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile). If Plaintiff chooses to file an amended complaint and names the City of New York as a defendant for her claims about the actions of the DHS, the Court notes that, in order to state a claim under Section 1983, it is not enough for the plaintiff to allege that

one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)).

In other words, to state a Section 1983 claim against the City of New York, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). If Plaintiff seeks to assert a claim based on a policy, custom, or practice of the DHS, she must name the City of New York as a defendant in an amended complaint, identify the policy, custom, or practice at issue, and plead facts showing that the policy, custom, or practice caused a violation of his constitutional rights.[2]

---

[2] The Court further notes that the government does not have a general duty arising under the U.S. Constitution to protect an individual from harm, where the government is not holding the person in custody. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989). Nor does the Constitution guarantee housing quality. *See Lindsey v. Normet*, 405 U.S. 56, 74 (1972) ("We do not denigrate the importance of decent, safe, and sanitary housing. But the Constitution does not provide judicial remedies for every social and economic ill. We are unable to perceive in that document any constitutional guarantee of access to dwellings of a particular quality. . . . Absent constitutional mandate, the assurance of adequate housing and the definition of landlord-tenant relationships are legislative, not judicial, functions."). There is also some question whether a claim under the Fair Housing Act is possible in the context of a shelter. *See, e.g.*, *Jenkins v. New York City Dep't of Homeless Servs.*, 643 F. Supp. 2d 507, 517 (S.D.N.Y. 2009) (noting that the "Second Circuit has not addressed whether a shelter offering free housing to the homeless falls under the FHA" but concluding that homeless plaintiff was "not a buyer or a renter" within the meaning of the FHA); *Jones v. Volunteers of Am. Greater New York*, No. 1:20-CV-5581 (MKV), 2022 WL 768681, at *8 (S.D.N.Y. Mar. 14, 2022) ("Plaintiff must be a 'buyer or renter' to maintain an FHA claim.").

**B.      Constitutional claims against WIN Shelter**

The Court construes Plaintiff's allegations about abuse at the WIN shelter and unsanitary

conditions as an attempt to raise claims under 42 U.S.C. § 1983 against WIN. As an initial

matter, the Court notes that Plaintiff can only proceed *pro se* when pursuing her own claims. *See*

*U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is

not licensed as an attorney may not appear on another person's behalf in the other's cause.").

Insofar as Plaintiff is alleging that other shelter residents suffered unspecified physical or mental

abuse at WIN shelter Plaintiff, a non-attorney,  cannot pursue claims on behalf of others.

Moreover, a claim for relief under Section 1983 must allege facts showing that each

defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42

U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank*

*of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch.*

*Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307,

323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private

parties.").

A private party's actions can be considered state action in three situations: (1) the private

party acts using the coercive power of the state or is controlled by the state (the "compulsion

test"); (2) the private party willfully participates in joint activity with the state or its functions are

entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has

delegated a public function to the private party (the "public function" test). *See Fabrikant v.*

*French*, 691 F.3d 193, 207 (2d Cir. 2012) (citation omitted). The fundamental question under

each test is whether the private party's challenged actions are "fairly attributable" to the state. *Id.*

(quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). The fact that an entity receives

public funds does not turn private action into state action. *See Rendell-Baker*, 457 U.S. at 840.

Defendant WIN shelter is a private party, and Plaintiff makes no allegations showing that, in providing housing, WIN can be deemed a state actor. "[T]he provision of homeless services by a private organization, even under contract with the state or where subject to governmental regulation, does not turn the private organization or its employees into state actors." *Ortega v. Samaritan Village Myrtle Ave. Men's Shelter*, No. 18-CV-5995, 2020 WL 1043305, *4 (E.D.N.Y. Mar. 4, 2020) (internal quotation marks and citation omitted); *George v. Pathways to Housing, Inc.*, No. 10-CV-9505 (ER), 2012 WL 2512964, at *4 (S.D.N.Y. June 29, 2012) ("It is well established that the provision of low-cost supportive housing is not a 'public function.'"); *see also Reaves v. Dep't of Veterans Affairs*, No. 08-CV-1624, 2009 WL 35074, at *3 (E.D.N.Y. Jan. 14. 2009) ("The Salvation Army is a private organization, and [plaintiff] cannot show that the shelter or the organization [is] performing a public function sufficient to turn the shelter or its employees into state actors for purposes of § 1983 liability."). Plaintiff's allegations that the shelter had "very dirty and unsanitary condition[s]" and that there were "toxic substance[s]" in the water (ECF 1 at 10), thus fail to state a Section 1983 claim against WIN for violating her constitutional rights.

## C.    Disability discrimination claims

### 1.    Americans with Disabilities Act claim

The Americans with Disabilities Act (ADA) consists of three parts: Title I, 42 U.S.C. § 12111 *et seq*., which prohibits discrimination in employment; Title II, 42 U.S.C. § 12131 *et seq*., which prohibits discrimination by public entities, such as state and local governments; and Title III, 42 U.S.C. § 12181 *et seq*., which prohibits discrimination in access to public accommodations operated by private entities. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001). For purposes of the ADA, public accommodations are defined to include "any inn, hotel, motel, or other establishment which provides lodging to transient guests." 42 U.S.C. § 2000a.

6

The Court construes Plaintiff's allegations as a claim arising under Title III of the ADA, and assumes for purposes of this order that the WIN shelter qualifies as a public accommodation.

"[A] plaintiff can base a disability discrimination claim on any of 'three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation.'" *Brief v. Albert Einstein Coll. of Med.*, 423 F. App'x 88, 90 (2d Cir. 2011) (quoting *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009)).

Plaintiff contends that Defendants violated her rights (1) by "refus[ing] to provide the adequate services needed for a person with a disability to obtain housing" (ECF1 at 14); and (2) by "failing to secure placement for a Home Bound Individual seeking permanent housing in a timely manner in accordance with [NYC] DHS guidelines" (*id.* at 10). She seeks $9 million in damages and permanent housing. Plaintiff does not plead facts about what disability she suffers, what "adequate services" were denied to her, and whether she alleges that there was intentional discrimination, the denial of an accommodation, or something else. Allegations that Plaintiff did not receive permanent housing within timelines set by state law are also insufficient to state a claim for a violation of the federal ADA. Plaintiff's allegations are thus insufficient to state a claim for disability discrimination in violation of the ADA.

As set forth below, the Court grants Plaintiff leave to amend her complaint, and if she chooses to do so, she can replead claims of disability discrimination in violation of the ADA. For Plaintiff's benefit, however, the Court notes that money damages are not available for a violation of Title III of the ADA. *See Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) ("Monetary relief, however, is not available to private individuals under Title III of the ADA.").

    2.    Rehabilitation Act

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be

denied the benefits of, or be subjected to discrimination under any program or activity receiving [f]ederal financial assistance or under any program or activity conducted by any [e]xecutive agency." 29 U.S.C. § 794(a). To make out a *prima facie* case under the Rehabilitation Act, a plaintiff must show "(1) that [she] is a qualified individual with a disability; (2) that the defendants are subject to [the Rehabilitation Act]; and (3) that [she] was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of [her] disability." *Harris v. Mills*, 572 F.3d 66, 73-74 (2d Cir. 2009).

The Rehabilitation Act differs from the ADA in a few significant ways. First, the Rehabilitation Act only covers programs receiving federal financial assistance. 29 U.S.C. § 794. Second, the Rehabilitation Act prohibits denials of benefits that are "solely" by reason of disability. *Id.* Third, damages are available for a violation of the Rehabilitation Act (unlike Title III of the ADA), but only where there has been intentional discrimination. *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 275 (2d Cir. 2009). "In the context of the Rehabilitation Act, intentional discrimination against the disabled does not require personal animosity or ill will. Rather, intentional discrimination may be inferred when a 'policymaker acted with at least deliberate indifference to the strong likelihood that a violation of federally protected rights will result from the implementation of the [challenged] policy . . . [or] custom.'" *Id.* (citation omitted).

Here, Plaintiff fails to plead facts sufficient to state a claim under the Rehabilitation Act. First, Plaintiff has not alleged that WIN receives federal funding and thus she has not pleaded facts showing that the Rehabilitation Act governs her claims. Second, Plaintiff has not alleged the kind of intentional discrimination that could give rise to a claim for damages under the

Rehabilitation Act. She does not allege facts suggesting that any policymaker at WIN acted with deliberate indifference to the strong likelihood that a violation of federally protected rights would result from its policies. Finally, Plaintiff's Rehabilitation Act claim also suffers from the same defects as her ADA claim: she has not pleaded facts about what disability she suffers or facts showing that she was denied benefits by reason of her disability. Plaintiff thus fails to state a claim on which relief can be granted under the Rehabilitation Act.

**D.    Supplemental State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E.    Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each

defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff

should include:

    a)  the names and titles of all relevant people;

    b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c)  a description of the injuries Plaintiff suffered; and

    d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her

federally protected rights; how, when, and where such violations occurred; and why Plaintiff is

entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wants to include from the original complaint

must be repeated in the amended complaint.

**F.**    **Referral to the CBJC SDNY Federal Pro Se Legal Assistance Project**

Plaintiff may wish to contact the City Bar Justice Center ("CBJC"), which operates the

SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in

this court. Appointments can be scheduled by phone (212-382-4794), by completing the CBJC's

intake form, or by email (fedprosdny@nycbar.org). The CBJC is a private organization that it not part

of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on

behalf of the court. A flyer is attached.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards

set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit

within sixty days of the date of this order, caption the document as an "Amended Complaint,"

and label the document with docket number 24-CV-5042 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss the federal claims for failure to state a claim upon which relief may be granted and decline supplemental jurisdiction of Plaintiff's state law claims.

Plaintiff may consent to accept service of documents in this case by email, instead of regular postal mail, by completing the attached form, Consent to Electronic Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 2, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

11

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project assists plaintiffs and defendants on a variety of federal legal issues, including, among others, civil rights, employment discrimination, and disability discrimination. The team also assists incarcerated individuals with civil (non-criminal) claims.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 **Interpreting and explaining** federal law and procedure

 **Reviewing drafted pleadings** and correspondence with the Court

 Consulting on **discovery** matters

 Assisting with the **settlement** process (including mediation)

## HOW TO ACCESS OUR SERVICES



For assistance, please complete the **online form** located on our website, https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/.

If you are not able to complete the form, or you have questions about the form, please **call (212) 382-4794.** Please leave a message and wait for us to call you back.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


-against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
           (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                          State                  Zip Code

_____

Telephone Number                        Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State            Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State            Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State            Zip Code

Defendant 4:

_____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1.  Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2.  Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1.  You will no longer receive documents in the mail;

2.  If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3.  This service does *not* allow you to electronically file your documents;

4.  It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)


_____
Address                    City                    State                    Zip Code


_____
Telephone Number                    E-mail Address


_____
Date                    Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007